UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

JOSE MOREL,

                  Petitioner,

     -against-

BRANDON SMITH, Superintendent,
Greene Correctional Facility,

                  Respondent.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

16 Civ. 8149 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Petitioner Jose Morel filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging the following deficiencies in the state court action finding him guilty of first degree assault: (1) the prosecutor failed to inform the grand jury the victim was in possession of a weapon and failed to inform the jury of the justification defense; (2) the state court erred when it rejected Morel's section 330.30(1) motion as untimely; and (3) that by withholding the truth from the grand jury, the prosecutor committed a *Brady* violation. (Petition ("Pet."), ECF No. 2, at 5, 7, 8–9.) Before this Court is Magistrate Judge Gabriel Gorenstein's July 27, 2017 Report and Recommendation ("Report," ECF No. 19), recommending that the petition be denied.[1] (Report at 12.) This Court adopts that recommendation.

Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 12–13.) No objection to the Report has been filed.

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer,* 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham,* No. 14-CV-3515, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (internal citations omitted).

The Report correctly found that the § 2254 petition fails on the merits. Petitioner's first and third claims are essentially the same as they both allege prosecutorial misconduct by withholding information from the grand jury, and thus can be addressed together. (*See* Pet., at 5, 8–9.) Petitioner's first and third claims fail as the Fifth Amendment's grand jury clause does not govern state actions. *See Branzburg v. Hayes,* 408 U.S. 665, 688 n.25 (1972). Consequently, "deficiencies in . . . state grand jury proceedings are [not] cognizable in a habeas corpus proceeding." *Lopez v. Riley,* 865 F.2d 30, 32 (2d Cir. 1989).

Petitioner's second claim—that the trial court erred in rejecting his motion to set aside the jury verdict pursuant to section 330.30(1) as untimely—fails because the underlying factual premise is false and nonetheless, fails on the merits. As a threshold matter, the trial court never found Petitioner's section 330.30(1) motion, alleging a *Brady* violation, untimely. Rather, it found the motion to dismiss the grand jury indictment untimely. (Mem. in Opp'n, ECF No. 10-2, SR – 114.) Petitioner's second claim fails for this reason alone. Moreover, the Report properly found that the second claim, even if properly presented, would be unexhausted and would also fail on the merits. Petitioner's section 330.30(1) motion would have failed on the merits because Petitioner

- 2 -

was plainly aware of the victim's possession and use of a baton and thus, there was no *Brady* obligation on the prosecution to disclose it. Having found no clear error, this Court adopts the Report in full.

Accordingly, the petition for a writ of habeas corpus is DENIED. The Clerk of Court is directed to close this case.

Dated: New York, New York
      October ___, 2017

**OCT 1 2 2017**

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge